UNITED STATES DISTRICT COURT
CENTRAL DISTIRCT OF ILLINOIS
SPRINFGIELD DIVISION

| | |
|---|---|
| CENTRAL ILLINOIS CARPENTERS HEALTH AND WELFARE TRUST FUND, By and Through Its Board of Trustees; and<br><br>CARPENTERS PENSION FUND OF ILLINOIS, By and Through Its Board of Trustees; and<br><br>CARPENTERS RETIREMENT SAVINGS FUND OF ILLINOIS, By and Through Its Board of Trustees,<br><br>    Plaintiffs,<br><br>v.<br><br>OLD BLUE ILLINOIS, INC., d/b/a TRILLIUM DELL TIMBERWORKS,<br><br>    Defendant. | Cause No. 19-3038 |

## COMPLAINT

COME NOW Plaintiffs, Central Illinois Carpenters Health and Welfare Fund, By and Through Its Board of Trustees; Carpenters Pension Fund of Illinois, By and Through Its Board of Trustees; Carpenters Retirement Savings Fund of Illinois, By and Through Its Board of Trustees; and Chicago Regional Council of Carpenters, Southern Region, by undersigned Counsel, and state as follows for their Complaint against Defendant, Old Blue Illinois, Inc., d/b/a Trillium Dell Timberworks:

## Parties

1. Plaintiff Central Illinois Carpenters Health and Welfare Fund (hereinafter "Welfare Fund") is an "employee welfare benefit plan" within the meaning of section 3(1) of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. § 1002(1). Welfare Fund's Board of Trustees are fiduciaries within the meaning of section 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A), and are authorized to maintain this cause of action pursuant to Section 502(a)(3) of ERISA, 29 U.S.C. § 1132(a)(3).

2. The address and place of administration of Welfare Fund is 200 South Madigan Drive, Lincoln, Illinois 62656.

3. Plaintiff Carpenters Pension Fund of Illinois (hereinafter "Pension Fund") is an "employee pension benefit plan" within the meaning of section 3(2)(A) of ERISA, 29 U.S.C. § 1002(2)(A). Pension Fund is a "defined benefit plan" within the meaning of § 3(35) of ERISA, 29 U.S.C. § 1002(35). Pension Fund's Board of Trustees are fiduciaries within the meaning of Section 3(21)(A) of ERISA, 29 U.S.C. §§ 1002(21)(A), and are authorized to maintain this cause of action pursuant to Section 502(a)(3) of ERISA, 29 U.S.C. § 1132(a)(3).

4. Plaintiff Carpenters Retirement Savings Fund of Illinois (hereinafter "Retirement Savings Fund") is a "pension plan" within the meaning of section 3(2)(A) of ERISA, 29 U.S.C. §§ 1002(2)(A). Retirement Savings Fund is a "defined contribution plan" within the meaning of § 3(34) of ERISA, 29 U.S.C. § 1002(34). Retirement Savings Fund's Board of Trustees are fiduciaries within the meaning of Section 3(21)(A) of ERISA, 29 U.S.C. §§ 1002(21)(A), and are authorized to maintain this cause of action pursuant to Section 502(a)(3) of ERISA, 29 U.S.C. § 1132(a)(3).

5. The address and place of administration of the Pension Fund and Retirement Savings Fund is 28 North First Street, Suite 1, Geneva, Illinois 60134.

6. Together, Welfare Fund, Pension Fund and Retirement Savings Fund shall be referred to as the "Plaintiffs."

7. Defendant Old Blue Illinois, Inc., d/b/a Trillium Dell Timberworks ("Defendant," or "Old Blue") is an Illinois general business corporation maintaining its principal place of business at 1283 Knox Rd 1600 N, Knoxville, IL 61448.

8. Old Blue is, was and at all relevant times has been, an "employer" in an "industry affecting commerce" within the meaning of Sections 3(5), (11) and (12) of ERISA, 29 U.S.C. §§ 1002(5), (11) and (12), and is an "employer" in an industry "affecting commerce" within the meaning of §§ 2(2), (6) and (7) of the Labor-Management Relations Act of 1947 ("LMRA"), as amended, 29 U.S.C. §§ 152(2), (6) and (7).

**Jurisdiction and Venue**

9. This Court has jurisdiction over Plaintiffs' claims by virtue of Sections 502(a)(3) and 515 of ERISA, 29 U.S.C. § 1132(a)(3) and 1145 and pursuant to § 301(a) and (c) of the LMRA, 29 U.S.C. § 185(a) and (c).

10. This Court has personal jurisdiction over Defendant pursuant to ERISA § 502(e), 29 U.S.C. § 1132(e) and § 301(c) of the LMRA, 29 U.S.C. § 185(c).

11. Venue is proper in this Court pursuant to ERISA Section 502(e)(2), 29 U.S.C. § 1132(e)(2) and § 301(a) of the LMRA, 29 U.S.C. § 185(a).

3

**Facts Common To All Counts**

12.     At all times relevant to this Complaint, Old Blue has been signatory to a "Memorandum of Agreement" ("Memorandum of Agreement") with the Chicago Regional Council of Carpenters ("Union," or "Regional Council").  A true, accurate and correct copy of the Memorandum of Agreement signed on behalf of Defendant on or about August 15, 2016 is attached hereto as **Exhibit A**.

13.     Pursuant to the Memorandum of Agreement, **Exhibit A,** Old Blue agreed it "…recognizes the Union as the sole and exclusive bargaining representative on behalf of its employees who are working within the territorial and occupational jurisdiction of the Union."

14.     The Memorandum of Agreement, **Exhibit A**, further provides Old Blue "…agrees to be bound to the terms of the various Trust Agreements to which contributions are required to be made…, including all rules and regulations adopted by the Trustees of each Fund.

15.     At all times relevant to this Complaint, Old Blue has been signatory a "Recognition Agreement and Adoption of All Collective Bargaining Agreements to Which the Mid-Central Illinois Regional Council of Carpenters is a Party" ("Recognition Agreement").  A true, accurate and correct copy of the Recognition Agreement signed on behalf of Defendant on or about August 15, 2016 is attached hereto as "**Exhibit B.**"

16.     The Recognition Agreement, **Exhibit B**, provides:

> The parties agree to be bound by and observe the terms and conditions of all current collective bargaining agreements, including any amendments, extensions, or changes to such current collective bargaining agreements, to which the REGIONAL COUNCIL is a party, including, but not limited to, the REGIONAL COUNCIL's May 1, 2014 to April 30, 2017 Master Agreement, titled "Collective Bargaining Agreement between Central Illinois Builders of A.G.C., and Greater Peoria Contractors and Suppliers Association Inc., and Mid-Central Illinois Regional Council of Carpenters"; "Collective Bargaining Agreement between Builders Association of Tazewell

      County, and Mid-Central Illinois Regional Council- of Carpenters"; and "Collective Bargaining Agreement between Mid-Central Illinois Millwright Contractors Association, Inc., and Mid-Central Illinois Regional Council of Carpenters". (emphasis original).

17.    The Recognition Agreement, **Exhibit B**, further provides:

      …the EMPLOYER agrees to be bound by and observe the terms and conditions of any and all successor agreements negotiated by the REGIONAL COUNCIL covering all employees performing carpentry work, unless the EMPLOYER provides the REGIONAL COUNCIL written notice of its intent to amend or terminate the current collective bargaining agreement or any successor agreement at least sixty (60) days, but not more than ninety (90) days prior to said agreement's expiration date.

18.    Old Blue employs, or has employed, individuals who are members of, and/or represented by, the Regional Council and its constituent local labor organizations for purposes of collective bargaining. Those individuals are participants in the Plaintiffs.

19.    Pursuant to § 515 of ERISA, 29 U.S.C. § 1145, Old Blue is required to make contributions to Welfare Fund in accordance with the terms and conditions of the CBA's and/or the terms of the plans establishing the Plaintiffs.

20.    The CBA's and plans require Old Blue to pay monetary contributions to the Plaintiffs at specified rates, based on hours worked and/or gross pay received, for and on behalf of its employees working under the terms of the CBA.

21.    Pursuant to the CBA's and Declarations of Trust, Old Blue is required to report hours worked by its employees and make prompt payment of the contributions required under the Collective Bargaining Agreement and/or other applicable labor agreements.

22.    The Welfare Fund has been duly authorized to act as an agent in the collection of contributions due to certain collectively-bargained funds, or separate labor-management cooperatives, or labor union(s), and to which Old Blue agreed to make contributions on behalf of

certain of its employees pursuant to the terms of the Collective Bargaining Agreement(s) ("CBA's") to which Defendant agreed to be bound.

23. Pursuant to the CBA's, Old Blue is required to deduct certain amounts from the gross pay of its employee for dues, and to pay other "check-off" amounts to Welfare Fund on behalf of the union(s) and fund(s) which have duly authorized Welfare Fund to act as collection agent.

## COUNT I

## (TO COMPEL AN AUDIT)

## (CENTRAL ILLINOIS CARPENTERS HEALTH & WELFARE TRUST FUND AND FUNDS ON BEHALF OF WHICH WELFARE FUND ACTS AS COLLECTION AGENT)

COMES NOW Plaintiff, Central Illinois Carpenters Health & Welfare Trust Fund, by undersigned Counsel, and states as follows for Count I of its Complaint against Defendant, Old Blue Illinois, Inc., d/b/a Trillium Dell Timberworks:

24. Welfare Fund restates and reincorporates paragraphs 1 through 23 of its Complaint as if fully set forth herein.

25. The CBA's and Declarations of Trust to which Old Blue agreed to be bound authorize the Plaintiffs' Trustees to conduct audits of signatory employers, such as Old Blue, in order to determine such employers' compliance with fringe benefit reporting and payment obligations.

26. Audits are within the scope of "equitable relief" available in an action pursuant to ERISA within the meaning of ERISA § 502(a)(3) and (g)(2)(E), 29 U.S.C. § 1132(a)(3), (g)(2)(E).

27. Welfare Fund's Trustees determined to audit Old Blue on behalf of Welfare Fund and those funds on behalf of which Welfare Fund acts as collection agent.

28. Old Blue was notified of the Trustees' intention to conduct an audit.

29. Old Blue failed and refused to schedule an audit.

30. Inasmuch as Old Blue has failed and refused to cooperate with an audit, Welfare Fund has no adequate remedy at law, and is suffering and will continue to suffer immediate and irreconcilable injury and damage, unless Old Blue is ordered to submit to an audit.

31. Welfare Fund is further entitled to an award of the contributions determined to be due, along with Liquidated Damages, pre- and post-judgment interest, auditing and/or accounting fees and attorneys' fees and costs pursuant to ERISA, the CBA's and/or Trust Documents establishing Plaintiff Funds and the policies and procedures adopted by Plaintiff Funds' Trustees and to which Defendant agreed to be bound.

32. The Plaintiffs are further entitled to an award of their attorneys' fees and costs and auditing and/or accounting fees.

33. As a result of the acts and omissions complained of herein, Welfare Fund has been harmed.

WHEREFORE, Welfare Fund respectfully prays that the Court:

    a. Enter Judgment for Central Illinois Carpenters Health & Welfare Trust Fund and against Defendant Old Blue Illinois, Inc., d/b/a Trillium Dell Timberworks;

    b. Enter Orders for temporary, preliminary and permanent injunctive relief that Old Blue submit to an audit, at Old Blue's cost;

c.   Enter an Order awarding Welfare Fund and those funds on behalf of which Welfare Fund acts as collection agent, any and all contributions determined to be due by audit;

d.   Enter an Order awarding Welfare Fund Liquidated Damages;

e.   Enter an Order awarding Welfare Fund appropriate pre-judgment interest;

f.   Enter an Order awarding Welfare Fund the costs of the audit;

g.   Enter an Order awarding Welfare Fund its attorneys' fees and costs;

h.   Enter an Order awarding Welfare Fund appropriate post-judgment interest;

i.   Enter Orders for such further relief as the Court deems proper in the premises.

## COUNT II
## (TO COMPEL AN AUDIT)
## (CARPENTERS PENSION FUND OF ILLINOIS and
## CARPENTERS RETIREMENT SAVINGS FUND OF ILLINOIS)

COME NOW Plaintiffs, Carpenters Pension Fund of Illinois and Carpenters Retirement Savings Fund Of Illinois, by undersigned Counsel, and state as follows for Count II of their Complaint against Defendant, Old Blue Illinois, Inc., d/b/a Trillium Dell Timberworks:

34.   Pension Fund and Retirement Savings Fund restate and reincorporate paragraphs 1 through 23 and 24 through 33 of Count I of their Complaint, as if fully set forth herein.

35.   Pension Fund's and Retirement Savings Fund's Trustees determined to audit Old Blue on behalf.

36.   Old Blue was notified of the Trustees' intention to conduct an audit.

37. Old Blue failed and refused to schedule an audit.

38. Inasmuch as Old Blue has failed and refused to cooperate with an audit, Pension Fund and Retirement Savings Fund have no adequate remedy at law, and are suffering and will continue to suffer immediate and irreconcilable injury and damage, unless Old Blue is ordered to submit to an audit.

39. Pension Fund and Retirement Savings Fund are further entitled to an award of the contributions determined to be due, along with Liquidated Damages, pre- and post-judgment interest, attorneys' fees and costs pursuant to ERISA, the CBA's and/or Trust Documents establishing Plaintiff Funds and the policies and procedures adopted by Plaintiff Funds' Trustees and to which Defendant agreed to be bound.

40. As a result of the acts and omissions complained of herein, Pension Fund and Retirement Savings Fund have been harmed.

WHEREFORE, Pension Fund and Retirement Savings Fund respectfully pray that the Court:

    a. Enter Judgment for Carpenters Pension Fund of Illinois and Carpenters Retirement Savings Fund Of Illinois and against Defendant Old Blue Illinois, Inc., d/b/a Trillium Dell Timberworks;

    b. Enter Orders for temporary, preliminary and permanent injunctive relief that Old Blue submit to an audit, at Old Blue's cost;

    c. Enter an Order awarding Pension Fund and Retirement Savings Fund any and all contributions determined to be due by audit;

    d. Enter an Order awarding Pension Fund and Retirement Savings Fund Liquidated Damages;

e.  Enter an Order awarding Pension Fund and Retirement Savings Fund appropriate pre-judgment interest;

f.  Enter an Order awarding Welfare Fund the costs of the audit;

g.  Enter an Order awarding Pension Fund and Retirement Savings Fund their attorneys' fees and costs;

h.  Enter an Order awarding Pension Fund and Retirement Savings Fund appropriate post-judgment interest;

i.  Enter Orders for such further relief as the Court deems proper in the premises.

Respectfully Submitted,

CAVANAGH & O'HARA LLP

  /s/ James R. Kimmey
JAMES R. KIMMEY, No. 6314932
101 W. Vandalia St., Suite 245
Edwardsville, IL  62025
(618) 692-5250 – Telephone
(618) 692-5254 – Facsimile
jaykimmey@cavanagh-ohara.com

Attorneys For Plaintiffs